UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELIADEM THOMPSON,<br><br>    Plaintiff(s),<br><br>v.<br><br>IGNITE TEEN TREATMENT, LLC, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-00477-JAD-BNW<br><br>**Order** |

Pursuant to the Court's Early Neutral Evaluation ("ENE") Program as outlined in Local Rule 16-6, an ENE session is hereby scheduled to commence at 10:00 a.m. on **October 26, 2023**.[1] The ENE will be held remotely by video, with further instructions to be provided at a later date regarding the logistics for appearances.[2] To facilitate the remote ENE, **the evaluation statements must include an email address for each participant.**

The following individual(s) are <u>required to appear for the duration of the ENE session</u>:

1. At least one attorney of record for each party with full knowledge of the case and who will be participating in the trial;

2. All parties appearing *pro se*;

3. All individual parties;

---

[1] Any request to change the date of the ENE must be made in writing. Absent unexpected circumstances like illness, any such request must be filed within 14 days of the issuance of this order. Such request must include at least five alternative dates on which all required participants are available to attend the ENE. The parties must meet and confer on such dates prior to the filing of the request. If the request is not filed as a stipulation, any response must be filed three days after service of the request.

[2] While the ENE will be held remotely, counsel and the parties are advised that they are expected to observe proper courtroom decorum, dress appropriately, and appear from a suitable location (*i.e.*, not in a car).

4. In the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim; and

5. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with binding authority to settle this matter up to the full amount of the claim.[3]

Any request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order. If the request is not filed as a stipulation, any response shall be filed three days after service of the request. Requests for an exception must be supported by a compelling justification for an exception.

## **PREPARATION FOR ENE SESSION**

In preparation for the ENE session, the attorneys for each party, and the parties appearing *pro se*, if any, shall submit a confidential written evaluation statement for the Court's ***in camera*** review. The statements must be bound and tabbed. *Cf.* Local Rule IA 10-1(c); Local Rule IA 10-3(i).

The evaluation statement shall be concise and shall:

1. Identify by name or status the person(s) with decision-making authority who, in addition to the attorney, will attend the early neutral evaluation session as representative(s) of the party, and persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the early neutral evaluation session or the prospects of settlement;

2. Describe briefly the substance of the suit, addressing the party's views on the key liability and damages issues;

3. Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;

4. Include copies of documents, pictures, recordings, and other evidence out of which the suit arose, or whose availability would materially advance the purposes of the evaluation session (*e.g.*, medical reports, documents by which special damages might be determined);

5. Discuss the strongest and weakest points of your case, both factual and legal, including a candid evaluation of the merits of your case;

6. Estimate the expense (including attorney's fees and costs) of taking this case through trial;

---

[3] Early neutral evaluations are closed to the public. Non-parties, including family members, are not permitted to attend.

7. Describe the history of any settlement discussions and detail the demands and offers that have been made and the reason settlement discussions have been unsuccessful;

8. Certify that the party has made initial disclosures under Fed. R. Civ. P. 26(a)(1) and that the plaintiff has provided a computation of damages to the defendant under Fed. R. Civ. P. 26(a)(1)(A)(iii);

9. Provide the initial settlement proposal that will be presented at the early neutral evaluation with a justification for any monetary amount. The proposal must include any non-monetary settlement terms that will be presented; and

10. Identify all mitigation efforts undertaken by the plaintiff, including the name(s) of any employer(s), the dates of any intervening employment, and the amounts earned from any intervening employment. The statement must also identify any amounts received for unemployment.

*See* Local Rule 16-6(f). **The evaluation statements must also include an email address for each participant.**

During the course of the ENE session, the undersigned magistrate judge will:

1. Permit each party (through an attorney or otherwise), orally and through documents or other media, to present its claims or defenses and to describe the principal evidence on which they are based;

2. Assist the parties to identify areas of agreement and, where feasible, enter stipulations;

3. Assess the relative strengths and weaknesses of the parties' contentions and evidence, and carefully explain the reasoning that supports them;

4. When appropriate, assist the parties through private caucusing or otherwise to explore the possibility of settling the case;

5. Estimate, where feasible, the likelihood of liability and the range of damages;

6. Assist the parties to devise a plan for expediting discovery, both formal and informal, to enter into meaningful settlement discussions or to position the case for disposition by other means;

7. Assist the parties to realistically assess litigation costs; and

8. Determine whether some form of follow-up to the session would contribute to the case-development process or promote settlement.

*See* Local Rule 16-6(g).

The evaluation statements must be submitted, in an envelope marked "Confidential," directly to the undersigned's box in the Clerk's Office not later than **3:00 p.m. on October 19, 2023. DO NOT SERVE A COPY ON OPPOSING COUNSEL.**

The purpose of the evaluation statement is to assist the undersigned magistrate judge in preparing for and conducting the ENE session. In order to facilitate a meaningful session, your utmost candor in providing the requested information is required. The written evaluation statements will not be seen by or shared with the district judge or magistrate judge to whom this case is assigned. The evaluation statements will be seen by no one except the undersigned and her staff.

**In addition to the above requirements, the parties and counsel must be substantially prepared to meaningfully participate in the ENE session in good faith.**

**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

IT IS SO ORDERED.

Dated: August 2, 2023

_____
Nancy J. Koppe
United States Magistrate Judge